UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS, CDCR #V-17005,<br><br>         Plaintiff,<br><br>v.<br><br>MANJALA BOBBLA, Chief Medical Executive; Dr. A. SANGHA, MAR Chairman,<br><br>         Defendants. | Case No.: 3:24-cv-01276-JO-KSC<br><br>**ORDER DISMISSING SIXTH AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**[Dkt. 22]** |

  Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court finds that Plaintiff's Sixth Amended Complaint against Dr. Sangha[1] fails to state a claim for which

---

[1] Plaintiff originally brought his claims against the Chief Medical Executive of the California State Prison in Sacramento, Dr. Manjala Bobbla, Dkt. 1, and subsequently filed several amended complaints against various defendants. Dkts. 11–14, 19. Prior to transfer to this district, the court in the Eastern District of California dismissed Plaintiff's Fifth Amended Complaint on the grounds that the defendants named in that pleading were either immune from suit or insufficiently identified, and ordered Plaintiff to clearly identify all defendants he wished to sue in his next amended pleading. Dkt. 20. Plaintiff

relief can be granted for three reasons.

First, to the extent that Plaintiff's 42 U.S.C. § 1983 claim for inadequate medical care against Dr. Sangha is based on the 2011 denial of back surgery, that claim is barred by the two-year statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985) (relevant state's personal injury statute of limitations applies to § 1983 claims); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (California's personal injury statute has a two-year statute of limitations). From his own allegations, Plaintiff waited until 2022—more than eleven years after Dr. Sangha denied his surgery—to file his complaint. Moreover, Plaintiff has not pled any facts to establish that he would be eligible for either statutory or equitable tolling. *See* Cal. Civ. Proc. Code § 352.1(a) (statutory tolling suspends the statute of limitations while a plaintiff is incarcerated for up to two years); *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (equitable tolling further "suspend[s] or extend[s] a statute of limitations as necessary to ensure fundamental practicality and fairness") (internal quotation and citation omitted); *Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991) (courts have applied equitable tolling where a defendant's "wrongful conduct" or other "extraordinary circumstances" prevent plaintiff from timely filing); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff bears burden of pleading facts to support equitable tolling).

Second, to the extent that Plaintiff's claim is based on his long-term treatment with NSAIDs and resulting kidney injury, he has failed to adequately plead how Dr. Sangha was involved in placing him on this course of treatment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009) (to sustain § 1983 claim, plaintiff must allege how "each Government-official defendant, through the official's own individual actions" violated their constitutional rights); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's

---

subsequently named Dr. Sangha as the sole defendant in the current operative pleading, his Sixth Amended Complaint. Dkt. 22.

affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]"). For instance, Plaintiff's complaint fails to specify whether it was Dr. Sangha who prescribed NSAIDs in 2011, or to allege that Dr. Sangha was responsible for keeping Plaintiff on this course of treatment for the next seven years.

Third, even if Plaintiff's claim were not deficient for the above reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care because he has not shown that Dr. Sangha was deliberately indifferent in his medical decisions. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("[T]o prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show deliberate indifference to his serious medical needs.") (internal quotation and citation omitted). While it is clear from his pleading that "sufficiently serious" medical needs were at stake—Plaintiff's serious back conditions and the risk of severe kidney injury—he alleges no facts showing that Dr. Sangha's decision to treat Plaintiff with NSAIDs instead of surgery was medically unacceptable under the circumstances or that he made this decision in conscious disregard of the risks of kidney injury or a deteriorating back condition. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (when an Eighth Amendment claim involves choices between alternative courses of treatment, a plaintiff must allege facts to show that the "chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health'") (internal citation omitted, alteration in original).

For the foregoing reasons, the Court DISMISSES Plaintiff's Sixth Amended Complaint [Dkt. 22] without prejudice. Given Plaintiff's *pro se* status, the Court will allow him one last chance to cure the deficiencies in his pleading and file a Seventh Amended Complaint against Dr. Sangha only by **August 1, 2025**. If Plaintiff fails to do so, this case will be dismissed in its entirety based both on his failure to state a claim and his failure to prosecute in compliance with this order. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's

ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED.**

Dated: July 1, 2025

_____
Hon. Jinsook Ohta
United States District Judge