UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS, CDCR #V-17005,<br>Plaintiff,<br>v.<br>DR. NP RUDDY; DR. A. SANGHA; DR. R. NACK; DR. F. TUVERA; DR. JIAN MA; DR. MESKATH UDDIN; DR. BHARAT RATTA; SMART<br>Defendants. | Case No.: 24-cv-1276-JO-KSC<br>**ORDER DISMISSING SEVENTH AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b) [DKT. 32]** |

Plaintiff Maurice Daronte Davis filed suit alleging that Dr. A. Sangha and other medical providers were deliberately indifferent to his medical needs in treating his back condition. On September 1, 2023, the Eastern District of California dismissed Plaintiff's Sixth Amended Complaint and instructed him to clearly identify all defendants he wished to sue. Dkt. 20 at 9. Plaintiff filed his Sixth Amended Complaint naming only Dr. Sangha as the sole defendant. Dkt. 22. This Court dismissed that complaint, granting him leave to amend his claims against Dr. Sangha only. Dkt. 29. Plaintiff subsequently filed a Seventh Amended Complaint, not only amending his claims against Dr. Sangha but also adding seven additional Defendants without leave of court. Dkt. 32.

Because Plaintiff is proceeding *in forma pauperis*, the Court screens the Seventh Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). As in his previous complaint, Plaintiff's Seventh Amended Complaint fails to allege how Dr. Sangha was personally involved in the medical decision to maintain Plaintiff on the long-term course of nonsteroidal anti-inflammatory drug ("NSAID") treatment that allegedly caused his kidney disease. To state a claim under § 1983, a plaintiff must allege how "each Government-official defendant, through the official's own actions," violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). To do so, Plaintiff must show that each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, Plaintiff alleges only that Dr. Sangha, as Chairman of the Medical Authorization Review, twice approved documents entitled "Healthcare Services Physician Request for Services" appearing to reference NSAIDs. Dkt. 32 at 6. Plaintiff does not allege what affirmative acts Dr. Sangha took, or failed to take, in connection with the decision to treat Plaintiff with NSAIDs, such as personally prescribing NSAIDs or directing that Plaintiff remain on NSAIDs as part of his treatment regimen. To the extent he does, the Court DISMISSES the claim because Plaintiff fails to allege Dr. Sangha's personal involvement in the NSAID treatment regimen that caused his kidney disease.

Plaintiff's claim that Dr. Sangha denied him back surgery and relevant medical consultation in 2010 and 2011 also fails to state a claim for deliberate indifference. To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege that an official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). When an Eighth Amendment claim involves a choice between alternative courses of treatment, the plaintiff must allege facts showing that the "chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citation

omitted). Here, Plaintiff alleges that Dr. Sangha denied three requests for back surgery and relevant medical consultation in December 2010 and January 2011. Dkt. 32 at 6–7. Plaintiff, however, fails to allege facts showing why Dr. Sangha's decision not to approve the requested surgery or consultation was medically unacceptable under the circumstances, or that Dr. Sangha made that decision despite knowing that it posed an excessive risk to Plaintiff's back condition. Therefore, Plaintiff again fails to state a claim for deliberate indifference.[1]

Given Plaintiff's previous opportunities to amend, including the Court's express warning that the Seventh Amended Complaint was his final opportunity to cure the deficiencies in his claims against Dr. Sangha, the Court DISMISSES Plaintiff's claims against Dr. Sangha without further leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court's discretion to deny leave to amend is "particularly broad" where the plaintiff previously received leave to amend but failed to cure the identified pleading deficiencies).

Additionally, Plaintiff adds seven individuals to the caption of the Seventh Amended Complaint as defendants without leave of court. After being explicitly instructed to clearly identify all defendants he wished to sue, Plaintiff chose to proceed with Dr. Sangha only in his Sixth Amended Complaint and was given leave to amend only those claims. Dkts. 20, 22, 29. To the extent Plaintiff seeks to assert claims against these seven new defendants, he must first file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

---

[1] Plaintiff also alleges that he did not discover Dr. Sangha's involvement in those denials until 2022, when he obtained his medical records. *Id.* at 6. Even assuming Plaintiff's allegations are sufficient to overcome the statute-of-limitations deficiency identified in the Court's prior order (Dkt. 29), Plaintiff's claim for deliberate indifference independently fails for failure to state a claim for deliberate indifference.

For the reasons stated above, the Court DISMISSES Plaintiff's Seventh Amended Complaint [Dkt. 32].

**IT IS SO ORDERED.**

Dated: October 16, 2026

Hon. Jinsook Ohta
United States District Judge